UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN I ZELAYA-LEIVA,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-05703-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS*, GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On July 22, 2026, petitioner Benjamin I Zelaya-Leiva filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2),[1] a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).

/////

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a) and is therefore granted.

On July 23, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On July 24, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 8.) Therein, respondent states that petitioner was released from immigration custody on bond on October 25, 2023, he has since been ordered removed and his appeal of that order is pending before the Board of Immigration Appeals, on May 28, 2026, immigration officers encountered petitioner after he was arrested, and on May 4, 2026, petitioner was taken back into immigration custody. (*Id.* at 1–2.) Respondent states that petitioner is detained pursuant to 8 U.S.C. § 1226(a). (*Id.* at 2.) Respondent further argues that petitioner has not exhausted his administrative remedies. (*Id.* at 1.) Respondent does not oppose the court deciding the merits of the petition, and the court will do so.

Because petitioner was previously released on bond, he had a protected liberty interest, which required that petitioner be given a pre-deprivation hearing prior to his detention. *See Singh v. Acting Field Off. Dir. of San Francisco Field Off.*, No. 1:26-cv-03976-NW, 2026 WL 2043412, at *2 (E.D. Cal. July 15, 2026) ("Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond."); *Rodriguez v. Mullin*, No. 26-cv-03769-JAO-MSB, 2026 WL 1951629, at * 2–3 (S.D. Cal. July 6, 2026) (finding the petitioner obtained a "a significant liberty interest in remaining out of custody pursuant to his release on bond in 2014" and that his detention absent pre-deprivation notice or a hearing was unlawful). Because he was deprived of a pre-deprivation hearing, the appropriate remedy is release.

Further, because the grounds for petitioner's relief are constitutional in nature, petitioner is not required to exhaust administrative remedies, which could offer petitioner no relief from this violation of his due process rights. *See Wu v. Chestnut*, No. 1:26-cv-04953-DAD-SCR (HC),

2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026) ("[A]dministrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment.").

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Benjamin I Zelaya-Leiva, A-File No. 240-090-572, from respondent's custody under the same conditions, if any, he was subject to prior to his detention on or about May 4, 2026;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk; and
    c. Respondent is ORDERED to return all of petitioner's documents and possessions upon his release from custody;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot by this order granting him habeas relief;
4. Petitioner's motion to appoint counsel (Doc. No. 4) is hereby DENIED in light of this order granting him habeas relief;
5. The Clerk of the Court is directed to serve the Golden State Annex Detention Center with a copy of this order; and

/////

/////

/////

6. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE